**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4796**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ARTURO ROMERO-CASTILLO, a/k/a Arturo Romero,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:06-cr-00424-RJC)

Submitted: May 2, 2008       Decided: May 13, 2008

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James E. Gronquist, NIXON, PARK, GRONQUIST and FOSTER, P.L.L.C., Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arturo Romero-Castillo appeals his 84-month sentence for illegal reentry into the United States by a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). Romero-Castillo contends that the district court abused its discretion in imposing his sentence because it failed to adequately consider the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007).

We review the reasonableness of a sentence for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 596 (2007). We presume that a sentence imposed within the properly calculated guidelines range is reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007); see Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007). A district court must explain the sentence it imposes sufficiently for this court to effectively review its reasonableness, but need not mechanically discuss all the factors listed in § 3553(a). United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006). The court's explanation should indicate that it considered the § 3553(a) factors and the arguments raised by the parties. Id. We do not evaluate the adequacy of the district court's explanation "in a vacuum," but also consider "[t]he context surrounding a district court's explanation." Id. at 381.

Romero-Castillo has not overcome the presumptive reasonableness of his sentence within the guidelines range, and the district court did not abuse its discretion. The district court

discussed the § 3553(a) factors and, in particular, extensively discussed Romero-Castillo's contention that his substance abuse problems constituted a mitigating factor that warranted a sentence below the guidelines range. In considering the need to protect the public and the most effective way to treat Romero-Castillo's addiction, the district court found that a sentence within the guidelines range, although not at the high end of the sentencing range for which the Government advocated, was sufficient but not greater than necessary. In light of the evidence of Romero-Castillo's extensive criminal history, which included at least eight convictions for driving while impaired or intoxicated, two controlled substance offenses involving sales of marijuana to undercover police officers, and several instances of entering the United States illegally, the district court reasonably determined within its discretion that the nature of his offense justified the sentence imposed.

We affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED